# Appeal of Pennsylvania Company for Insurance on Lives, etc.

A devise in these words: "And after the decease of my said husband, I give, devise, and bequeath the remainder of said third to my step-children," naming them, gives a vested interest; and the subsequent words, "and in case of the death of both of said step-children without issue surviving them and me, I give, devise, and bequeath said remainder," etc., do not convert the gift into a contingent remainder, but leave it a vested interest subject to be devested upon a future contingency, to wit, the death of both step-children without leaving issue surviving them and the testator. Upon the death of one step-child before death of husband, the other will not take the whole estate under such devise.

(Decided October 5, 1885.)

Appeals from decrees of the Orphans' Court of Philadelphia county, directing distribution under a will. Reversed.

The appellant is the Pennsylvania Company for Insurance on Lives and Granting Annuities, as trustee under the will of Lewis Waln, for Susan Israel. The appellees are Julia Leaming, and the daughters of Robert W. Israel, *cestuis que trust,* under the same will. The nature of the controversy, and facts out of which it arose, are stated in the opinion.

*John G. Johnson* for the appellant.

*George Tucker Bispham* and *Edward Shippen* for the appellees.

OPINION BY MR. JUSTICE PAXSON:

There were two appeals in this case: one in the estate of Mary Frances Allen and the other in the estate of William H. Allen. They do not require to be separately discussed.

The only assignment of error pressed upon the argument was the third, which alleges that "the court below erred in holding that on the death of Roland Curtin Allen his share of the fund passed to Ellen Honora Allen."

The contention grows out of the following clause in the will of Mary Frances Allen: "I give, devise, and bequeath to my husband, William Henry Allen, the interest, rents, and profits of one third of the said residue of my estate during the contin-

nance of his natural life; and after the decease of my said husband, I give, devise, and bequeath the remainder of said third to my step children, Roland Curtin Allen and Ellen Honora Allen, and in case of the decease of both of the said step-children, without leaving issue surviving them and me, I give, devise, and bequeath the said remainder to my daughter, Mary Quincy Allen, and to each and every other child which may hereafter be born of me, and to their issue; and in case of the decease of my said daughter and all of said children, without leaving issue surviving them and me, I give, devise, and bequeath the said remainder to my brothers, Samuel Quincy, Gorham Quincy, and George Hatch Quincy."

Roland Curtin Allen died intestate, unmarried, and without issue after the death of the testatrix and during the lifetime of her husband, William H. Allen. Ellen Honora Allen intermarried with a Mr. Sheldon and is still living. The view taken by the learned court below was that the testatrix did not intend her husband to have more than a life estate in the remainder thus given; that she did intend that her two step-children should take the principal of that part of the estate of which the income was given to their father, her husband, for life; and that she did not intend her own child to take this share at all, unless, at the death of the father, both of the step-children should be dead without leaving issue. In order to carry out this supposed intent the court held that there was a limitation in the nature of a cross remainder implied in favor of the step-daughter, so as to give her, at the death of the father, the whole.

The true question is whether under this will the step-children took a vested interest. If they did, the ruling of the court below was error.

Both sides agree upon the soundness of the rule laid down in Theobald on Wills, 573, in regard to cross remainders. Mr. Theobald says: "When the testator has disposed of his whole interest in realty or personalty; if, for instance, absolute vested interests have been given to several as tenants in common with a gift over upon the death of all in certain events, cross limitations cannot be implied between them, as there can be no intestacy, and cross limitations would devest vested interests. If, however, the interests are not vested, but contingent, with a gift over upon the death of all before the interests vest, the argument against an intestacy applies, and no argument can be

raised against cross limitations on the ground that they would devest vested gifts and, therefore, in all probability cross limitations would be applied."

Cross remainders are sometimes implied to prevent intestacy. When, however, a vested interest is given, there is no intestacy, and the only effect of an implied remainder in such case would be to devest a vested interest. It is obvious upon an examination of the above rules laid down by Mr. Theobald, that when he speaks of "absolute vested interests" he does not mean estates which, though vested, are liable to be subsequently devested by the happening of a contingent event. The question of cross remainders arises only when the testator has given a limitation over for the purpose of devesting a vested interest, or perhaps to meet the case of a contingent remainder which has never vested.

In this case the language of the will: "And after the decease of my said husband, I give, devise, and bequeath the remainder of said third to my step-children," clearly gave a vested interest to the said step-children, had it stopped there. Do the subsequent words: "And in case of the death of both of the said step-children without issue surviving them and me, I give, bequeath, and devise the said remainder," etc., convert the gift into a contingent remainder? We think not. It leaves the gift a vested interest subject to be devested upon a future contingency which has never occurred, to wit, the death of both the step-children without leaving issue surviving them and the testator.

The case of Skey v. Barnes, 3 Meriv. 335, cited by Mr. Theobald, was considered by Mr. Jarman as having finally settled the law on this subject. It was said by the Master of the Rolls in that case: "With respect to personal property, if a share once vests, though liable to be devested on a contingency, the question of reciprocal succession or survivorship never can arise. If the contingency happens, the share goes over; if the contingency does not happen, the share remains vested and passes to representatives."

In the later case of Baxter v. Losh, 14 Beav. 612, there was a gift to certain persons for life and after the decease of the life tenants to the use of and equally between G. & E. But in case it shall happen that the said G. & E. shall neither of them be living at the death of the survivor of the tenants for life, then

I give and bequeath the same to F. Sir John Romilly, Master of the Rolls, said in his opinion: "I now come to consider the gift over, which is if neither should be living at the death of the survivor of the tenants for life. Scott v. Bargeman, 2 P. Wms. 68, is a direct authority, if any were wanted, for the court holding that this gift over can only take effect in case the event occur on which he directs the gift over to take effect. In this case that event is 'in case neither of them be living.' This never happened, for one is still alive, and therefore the contingency on which the gift over was to take effect has not taken place, and there are no words to be found in the will by which Eliza Baxter [the survivor], can be held to take by implication."

In Scott v. Bargeman, cited in the foregoing opinion, and also relied upon by the auditing judge below, the interests were held to be contingent and for that reason cross remainders were implied. The principal criticism which has been made upon that case is that the interests should have been held to be vested, and not contingent. It does not appear, however, to conflict with the rule laid down by Mr. Theobald.

Our own cases of Chew's Appeal, 37 Pa. 23, and McKee's Appeal, 96 Pa. 277, are believed to be in accord with the foregoing views. That the English cases are not all harmonious or consistent may be admitted; but the leaning of the later cases there, as well as here, has been to favor the vesting of interests whenever there are reasonable grounds for such construction.

The court below attached much weight to what they believed to be the intent of the testator, and their ruling was evidently designed to carry it into effect. If that intent had been clearly expressed, it would govern this case. It is not, however, expressed at all, and is only a matter of inference. It is possible their view as to the testator's intent may be the correct one, and that Mrs. Allen never intended her husband to have more than a life interest in this third of her estate. It is more probable, however, that the contingency of his inheriting from his children never occurred to her or the draftsmen of the will. It often happens that, by the death of persons to whom a vested interest has been given, the property passes to some one not contemplated by the testator. It may be so here, but the intent of the testatrix is not so evident as to override what we regard as the settled law as to the vesting of a bequest under the will.

The decree is reversed in each estate at the costs of the appellees, and it is ordered that distribution be made in accordance with the views expressed in this opinion.